## In the Matter of BESSIE BELLONI et al., Infants, Alleged Incompetents.

Supreme Court, Special Term, New York County, October 30, 1946.

*John J. Bennett, Corporation Counsel (Russell Lord Tarbox* and *Arthur H. Kerns* of counsel), for Department of Hospitals of City of New York, petitioner.

PECORA, J. A petition has been presented to this court which prays for the commitment of Bessie and Salvatore Belloni, eleven and eight years of age, respectively, to an institution for the feeble-minded. The application for such commitment raises squarely the question of the proper court to exercise jurisdiction in the premises.

Under subdivision 1 of section 61 of the New York City Domestic Relations Court Act (L. 1933, ch. 482, as amd.), it is provided among other things that the " children's court in each county shall have *exclusive* original jurisdiction within such county to hear and determine all cases or proceedings involving  *  *  * commitment of children actually or apparently under the age of sixteen years,  *  *  * who are, or who are alleged to be *  *  * (c) mental defectives  *  * .*." (Italics supplied.) Section 85 of the same Law provides for mental examinations of children under sixteen.

In conformity with this specific grant of power in the Domestic Relations Court Act, subdivision 1 of section 124 of the Mental

* See, also, *Katz* v. *Braz,* 188 Misc. 581, affd. without opinion 271 App. Div. 970.— [REP.

Hygiene Law provides that " A person alleged to be mentally defective, and who is not in confinement on a criminal charge, may be certified to and confined in an institution for the custody and treatment of the mentally defective, upon an order made by a judge of a court of record of the city or county, *or of a children's court,* or a justice of the supreme court * * *." (Italics supplied.)

Both from the specific language of section 61 of the Domestic Relations Court Act, giving exclusive jurisdiction to the Children's Court, and the purpose and intent of the legislation governing the supervision of children under sixteen, it is my opinion that such power to commit mental defectives should be exercised exclusively by the Domestic Relations Court. The facilities of that court, with its specialized personnel, are better adapted to handle these problems when they arise. Furthermore, the power can be exercised without the consent of the parents (see *Matter of Jackson,* 161 Misc. 702). No reason has been suggested for restricting the express legislative language of section 61, and giving its full liberal meaning to it would be in harmony with the legislative policy of the Domestic Relations Court Act.

Since the Children's Court has exclusive jurisdiction, this case is referred back to that court for such disposition as it deems advisable in the premises.